UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| MELODY SIMON ) | Case No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| WORLDWIDE FILING SERVICES, INC. ) | |
| AND PORTFOLIO INVESTMENT ) | |
| FINANCIAL INC. ) | **Jury Trial Demanded** |
| ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4.      Plaintiff, MELODY SIMON ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Erie, and City of Buffalo.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, WORLDWIDE FILING SERVICES, INC. ("Worldwide") uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

7. Worldwide at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. Worldwide is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant, PORTFOLIO INVESTMENT FINANCIAL INC., ("Porfolio") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

10. Portfolio acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

11. Portfolio is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Portfolio is thoroughly enmeshed in the debt collection business, and Portfolio is a significant participant in Worldwide's debt collection process.

13. Portfolio and Wolrdwide act jointly and in concert to collect consumer debts incurred primarily for personal, family or household purposes, and acted jointly and in concert to collect an alleged consumer debt from Plaintiff which debt was incurred by Plaintiff for personal, family or household purposes.

14. Portfolio, by virtue of its status as a "debt collector", is vicariously liable for the debt collection activity of Worldwide — the debt collector hired to collect debts on its behalf. *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa.

2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006); *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 667-68 (N.D. Tex. 2010).

## FACTUAL ALLEGATIONS

15.   Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Worldwide.

16.   Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Worldwide, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

17.   Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Worldwide, specifically, a personal debt to Bank of Marin

18.   In connection with collection of an alleged debt in default, Worldwide, itself and on behalf of Portfolio, made initial contact with Plaintiff by calling Plaintiff's place of employment on August 12, 2011 at 11:00 A.M.

19.   During the telephone call on August 12, 2011 at 11:00 A.M., Worldwide threatened Plaintiff to serve Plaintiff with court papers in two hours at work unless she agreed to a settlement agreement that day.

20.   Plaintiff was told to call 877-279-4792 and reference HH1086-01955 to set up her settlement agreement.

21.   During the telephone call on August 12, 2011 at 11:00 A.M., Worldwide failed to inform Plaintiff that the communication was from a debt collector.

22. During the telephone call on August 12, 2011 at 11:00 A.M., Worldwide failed to disclose its true corporate or business name to Plaintiff.

23. Worldwide's August 12, 2011 call to Plaintiff's place of employment was Worldwide's initial communication with Plaintiff, and during said conversation Worldwide failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

24. In threatening to serve Plaintiff with legal papers unless a settlement agreement was made that day, Worldwide's statements were intended to lead a least sophisticated consumer to believe that payment pursuant to Worldwide's terms was necessary to avoid further action, including but not limited to, immediate litigation against Plaintiff within the thirty-day dispute period, and as such, Worldwide's communication overshadowed, and was inconsistent with, the disclosures required by 15 USC § 1692g(a) et seq. during the thirty-day dispute period.

25. On August 12, 2011 at 11:30 A.M., Plaintiff called Worldwide at 877-279-4792 and spoke with Worldwide's employee and/or agent "Hayley" and set up a settlement agreement in an effort to avoid a lawsuit.

26. Worldwide, itself and on behalf of Portfolio, threatened Plaintiff with service of a lawsuit and additional fees, including court costs, unless Plaintiff agreed to pay $125.00 on August 19, 2011, $125.00 on August 26, 2011, and $198.00 on the 16th of the month thereafter, by 5:00 P.M. that day.

27. Although Plaintiff told Worldwide multiple times that she was unable to afford the payment plan, Plaintiff agreed to the payment plan out of fear of a lawsuit and additional costs and fees.

28. On August 15, 2011, Worldwide, itself and on behalf of Portfolio, sent Plaintiff a written settlement agreement.

29. Plaintiff paid a total of $250.00 to Worldwide and Portfolio.

30. On September 26, 2011, Plaintiff received an email from Portfolio.

31. The September 26, 2011 email was the initial communication Plaintiff received from Portfolio.

32. Portfolio failed to provide the disclosures required by 15 U.S.C. § 1692g(a) in its initial September 26, 2011 email or within five (5) days thereafter.

33. Portfolio's September 26, 2011 email failed to inform Plaintiff that the communication was from a debt collector.

34. Worldwide's and Portfolio's actions constitute conduct highly offensive to a reasonable person, and as a result of this behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

35. Plaintiff repeats and re-alleges each and every allegation above.

36. Worldwide and Portfolio violated 15 U.S.C. § 1692d(6) by failing to disclose their true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Worldwide and Portfolio violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

37. Plaintiff repeats and re-alleges each and every allegation above.

38. Worldwide and Portfolio violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Worldwide and Portfolio violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

…

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

39. Plaintiff repeats and re-alleges each and every allegation above.

40. Worldwide and Portfolio violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Worldwide and Portfolio violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Worldwide and Portfolio violated 15 U.S.C. § 1692g(a) et seq. when Worldwide made initial contact with Plaintiff via telephone call on August 12, 2011, and

at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

43.     Portfolio violated 15 U.S.C. § 1692g(a) et seq. when Portfolio made initial contact with Plaintiff via email on September 26, 2011, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) et seq., and further failed to provide Plaintiff with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Worldwide and Portfolio violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692g(b)

44.     Plaintiff repeats and re-alleges each and every allegation above.

45.     Worldwide and Portfolio violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period,

including threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures in the same conversation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Worldwide and Portfolio violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

46.     Plaintiff is entitled to and hereby demands a trial by jury.

This 13th day of December, 2011.


ATTORNEYS FOR PLAINTIFF
*MELODY SIMON*

Respectfully submitted,

*signature*

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012