UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

MELODY SIMON,

                       Plaintiff,

       v.                              **DECISION AND ORDER**
                                                   11-CV-1070S

WORLDWIDE FILING SERVICES, INC.,
PORTFOLIO INVESTMENT FINANCIAL, INC.,
JASON R. BEGLEY and WAYNE W.
LUNSFORD,

                     Defendants.
───────────────────────────────

## I. INTRODUCTION

On December 19, 2011, Plaintiff filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. Defendants failed to appear and defend this action, which resulted in the Clerk of the Court entering default on July 16, 2012. Presently before this Court is Plaintiff's Motion for a Default Judgment against only Defendants Jason R. Begley and Wayne W. Lunsford pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docket No. 22.) For the following reasons, Plaintiff's motion is granted.

## II. BACKGROUND

As alleged in the Amended Complaint, Plaintiff received a phone call from Defendant Worldwide Filing Services, Inc., on August 12, 2011 at her place of employment. During that call, "Worldwide, itself and on behalf of [Defendant] Portfolio [Investment Financial Inc.], Begley, and Lunsford, threatened to serve Plaintiff with court papers in two hours at work unless she agreed to a settlement that day." (Am. Compl. ¶¶

22-23, Docket No. 5.)  There was no indication that the call was from a debt collector, the true corporate or business name of the caller's firm, or that Plaintiff in fact had certain rights with respect to the asserted debt.  Out of fear of a lawsuit, Plaintiff agreed that day to a payment plan that required repayment of the debt plus additional costs and fees.  Three days later, Defendant sent Plaintiff a written settlement agreement.

On September 13, 2011, after making two payments, Plaintiff revoked Worldwide's permission to withdraw funds pursuant to the settlement agreement. Portfolio, "itself and on behalf of Begley and Lunsford," then contacted Plaintiff by email.  (Am. Compl. ¶ 37.) As with the initial phone call, Portfolio failed to properly identify itself as a debt collector, or provide any of the disclosures required by the FDCPA.

### III. DISCUSSION

**A.    Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. See Fed. R. Civ. P. 55(a).  Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages.  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), *cert denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the

default judgment. See Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

**B.    Liability under FDCPA**

Considering the allegations in a light most favorable to Plaintiff, as this Court must, the Amended Complaint is sufficient to state claims for relief on the five FDCPA causes of action asserted. Defendants' placement of a call to Plaintiff without meaningful disclosure of their identity as a debt collector attempting to collect a debt violated sections 1692d(6) and 1692e(11). (Am. Compl. ¶¶ 22-29.) Defendants' threat of legal action absent Plaintiff's immediate participation in a settlement could be perceived by the least sophisticated consumer as indicating that: (1) the caller was a lawyer for the entity to which Plaintiff owed a debt; and (2) Plaintiff had no right to challenge the validity of that debt. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25-26 (2d Cir. 1989)(violation of § 1692e(10) found where import of language used was that legal action was about to be initiated and could only be averted by payment); see Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010)(considering whether a FDCPA violation exists from the perspective of the least sophisticated consumer), *cert denied*, 130 S. Ct. 3333 (2010). This conduct also violates the requirements of section 1692g that a consumer be notified following the initial communication from a debt collector that, among other things, he or she has 30 days from that communication to dispute the validity of the debt. Russell v. Equifax A.R.S., 74 F.3d 30, 34-35 (2d Cir. 1996) (concluding that debt collector's statement that debtor must make

payment within 10 days or "we will . . . post this collection to your file" violated 1692g as a matter of law); see 15 U.S.C. § 1692g(b) (collection activity must cease until debt collector obtains and mails verification of the debt to consumer).

Finally, Plaintiff alleged that Defendants Begley and Lunsford materially participated in Worldwide and Portfolio's debt collection activities, particularly with respect to Plaintiff's debt. (Am. Compl. ¶¶ 16-17.) See Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000)(general partner exercising control over affairs of partnership may be held liable under FDCPA); Piper v. Portnoff Law Assocs., 274 F. Supp. 2d 681, 689-90 (E.D. Pa. 2003), *aff'd*, 396 F.3d 227 (2005) (individuals exercising control over the affairs of a business may be held liable under the FDCPA for the business' actions); see also Teng v. Metro. Retail Recovery Inc., 851 F. Supp. 61, 67 (E.D.N.Y. 1994) (each employee is himself a debt collector within statutory definition as each is in a business, the principal purpose of which is the collection of debt). There is therefore a sufficient basis to hold them individually liable.

**C.     Damages**

Plaintiff seeks only statutory damages. Section 1692k(a)(2)(A) of the FDCPA authorizes up to $1,000 in statutory damages per plaintiff for any violation of the act, with the exact amount to be imposed falling within this Court's discretion. See Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). Although Defendants' initial phone call pressured Plaintiff into a settlement agreement despite her statutory right to dispute the validity of the debt, the full statutory award is excessive in this case. See Engler v. Atlantic Resource Mgmt., No. 10-CV-968S, 2012 WL 464728, *3 (W.D.N.Y. Feb. 13, 2012) (full statutory damages excessive for single instance of providing false information to

plaintiff's workplace, $500 awarded); Fajer v. Kaufman, Burns & Assocs., No. 09-CV-716S, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) ($500 in statutory damages awarded where acts consisting of multiple calls, including improper communication with third party about plaintiff, false representations, and seeking repayment of an unauthorized amount were not so persistent or egregious as to warrant statutory maximum penalty); Barksdale v. Global Check & Credit Servs., No. 09-CV-1034A, 2010 WL 3070089, *2 (W.D.N.Y. Aug. 4, 2010) ($500 in statutory damages awarded where defendant made more than one harassing call to plaintiff, threatened litigation and arrest, and failed to provide required debt validation information).  Under these circumstances, the Court finds that an award of statutory damages in the amount of $400 will suffice to address all of the allegations now deemed admitted.

### D.    Attorneys' Fees and Costs

The FDCPA provides for the recovery of reasonable attorney's fees and costs by successful litigants. See 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").

In Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by*, 522 F.3d 182 (2d Cir. 2008), the Second Circuit "undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time" in the circuit and district courts. Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In particular, the court sought to reconcile the "lodestar" method of determining fees (the product of the attorney's usual hourly rate and the number of hours billed, subject to adjustment based on case-specific considerations

to arrive at a reasonable fee), with the method developed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) (considering twelve specific factors to arrive at the "reasonable fee"). Arbor Hill, 493 F.3d at 114. "Relying on the substance of both approaches, [the Second Circuit] set forth a standard that [it] termed the 'presumptively reasonable fee.' " Simmons, 575 F.3d at 174.

District courts now are directed to set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill, 493 F.3d at 117.

"[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008) (citations and quotation marks omitted). After Arbor Hill, the presumptively reasonable fee is "what a reasonable, paying client would be willing to pay," given that a client "wishes to spend the minimum necessary to litigate the case effectively." 493 F.3d at 112, 118. To arrive at that fee, district courts must also consider the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary hourly rate for similar work; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with

the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717–19.

Finally, a district court must consider that a client may be able to negotiate with his or her attorneys, based on their desire for the reputational benefits that could accrue from being associated with the case. Arbor Hill, 493 F.3d at 118.

This method of reasonable fee calculation has been used in this district to determine appropriate fees in FDCPA cases. See, e.g., Robbins v. Viking Recovery Servs. LLC, No. 09–CV–1030A, 2010 WL 1840318, at *3–4 (W.D.N.Y. May 7, 2010); Mostiller v. Chase Asset Recovery Corp., No. 09–CV–218A, 2010 WL 335023, at *4–5 (W.D.N.Y. Jan. 22, 2010); Estay v. Moren and Woods LLC, No. 09–CV–620A, 2009 WL 5171881, at *3–4 (W.D.N.Y. Dec. 22, 2009).

Here, due to the absence of any documentation in her motion for a default judgment, the Court ordered Plaintiff to provide additional support for her request of $3,250 in attorneys' fees and $844.95 in costs. Plaintiff's further submission lists approximately 44 hours of work performed by fifteen different people, and although the tasks performed are detailed, there is no indication of whether each person is a partner, attorney, paralegal or clerical staff member. There is also no indication of what rate was billed for each person. Accordingly, the Court cannot conclude whether the hourly rate charged for each is reasonable.

Further, 44 hours is excessive in light of similar FDCPA default cases. See Engler, 2012 WL 464728, *5 (10.4 hours of attorney time with .9 hours of secretarial /paralegal work reasonable); Bonafede v. Advanced Credit Solutions, LLC, No. 10-CV-956S, 2012 WL 400789, *5 (W.D.N.Y. Feb. 7, 2012) (13.8 hours of attorney time plus one hour of secretarial/paralegal work reasonable); Fajer, 2011 WL 334311, *6 (4.1 hours of attorney

time with 3.3 hours of paralegal time reasonable); Barksdale, 2010 WL 3070089, *3 (8 hours of attorney time plus .8 hours of paralegal time reasonable). Even 29.1 hours of attorney time has been held unreasonable where the attorney was well versed in the area of law and the defendant failed to appear. Coles v. Lieberman, Michaels & Kelly, LLC, No. 10-CV-484S, 2011 WL 3176467, *5 (W.D.N.Y. July 27, 2011) (reducing to 15 hours).

Reviewing the entries in Plaintiff's supporting documentation, the Court finds that an award for 16 hours to be reasonable in this case. The bulk of this time appears to be for work conducted by an associate attorney. In light of this, as well as the lack of detail in Plaintiff's submission regarding rates charged, this Court will apply the reasonable rate for associate attorneys consistently used in this district, $180 per hour. Barksdale, 2010 WL 3070089, *3; see also Engler, 2012 WL 464728, *5; 2011 WL 334311; Bonafede, 2012 WL 400789, *5; Fajer, 2011 WL 334311, *6. An award of $2,880 is therefore presumptively reasonable. Finally, because Plaintiff failed to submit any documentation or itemization supporting this request, no costs will be awarded.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for a Default Judgment against Defendants Jason R. Begley and Wayne W. Lunsford is granted. Plaintiff is awarded $400 in statutory damages and $2,880 in attorneys' fees, for a total award of $3,280. Inasmuch as Plaintiff seeks only statutory damages, and the Court has found that the amount of $400 will suffice to address all of the allegations now deemed admitted, there appears no reason to hold this case open with respect to the corporate Defendants.

**V. ORDERS**

IT HEREBY IS ORDERED, that Plaintiff's Motion for a Default Judgment (Docket No. 22) is GRANTED;

FURTHER, that the Clerk of the Court is directed to enter judgment in favor of Plaintiff against Defendants Jason R. Begley and Wayne W. Lunsford in the amount of $3,280, with apportionment consistent with the foregoing decision;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: February 18, 2013
       Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  Chief Judge
                                                  United States District Judge